TIPTON, Plaintiff-Appellant, v. MORROW, Admr., Defendant-Appellee.

Ohio Appeals, Second District, Fayette County.

No. 299. Decided December 30, 1957.

F. Scott Zimmerman, Washington C. H., for plaintiff-appellant.
Kenneth O. Stone, Sabina, for defendant-appellee.

## OPINION

By THE COURT:

Appellee moves to dismiss the appeals of appellant. The separate appeals are directed to the order of the trial judge on a motion for judgment notwithstanding the verdict and the sustaining of defendant's motion for new trial.

Appellant, having failed to file a bill of exceptions on the appeals or any briefs relating thereto, the motion to dismiss the appeals was interposed.

Plaintiff moved to amend his notices of appeal which had been upon questions of law to questions of law and fact.

We granted leave to appellant to file brief on his application within 10 days. No brief has been filed.

The orders to which the appeals are directed grew out of an action for money on an implied contract for services. Manifestly, the orders in the action in which they were made were not appealable on questions of law and fact under the applicable section of the Code. So that, the

motion to amend the notice of appeal can not be sustained and must, therefore, be overruled.

Rule VII of our Court fixes the time within which briefs shall be filed and a failure to observe this rule, except for good cause shown, has uniformly been held in this court to support the dismissal of the appeal or an affirmance of the judgment. The time within which the bill of exceptions shall be filed is fixed by statute. This time has elapsed and we have no authority to extend it. The motion to dismiss the appeals is, therefore, well-taken and must sustained.

There also arises the question whether or not the entry sustaining the motion for judgment notwithstanding the verdict is a final order or judgment such as will sustain an appeal. This entry recites:

"On motion of the Defendant for judgment notwithstanding the verdict of the jury, the Court finds that the applicant is entitled by law to a judgment in his favor upon the evidence received on the trial and on the statements admitted in the pleadings notwithstanding the general verdict to the contrary.

"It is, therefore, ORDERED that the judgment entered herein on April 24, 1957, in conformity to the verdict, be, and is hereby vacated; and it is further ordered that the Defendant go hence with his costs for which judgment is hereby rendered against the plaintiff."

It will be noted that there is no judgment dismissing plaintiff's action and the probable effect of this entry is to require the plaintiff to pay the costs in the case to the time when this entry was filed, and to vacate the judgment. This order did not in terms dismiss plaintiff's action which was essential to a final order.

There is no question that the order granting a new trial was reviewable on appeal had appellant conformed to the statute and our rule.

The motion of appellant for leave to amend her notices of appeal will be overruled. The motion of appellee to dismiss plaintiff's appeals will be sustained.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.